16-839
Offor v. Mercy Medical Center, et. al.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of January, two thousand seventeen.

PRESENT: DENNIS JACOBS,
    ROSEMARY S. POOLER,
    PETER W. HALL,
            Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
DR. CHINWE OFFOR,
    Plaintiff-Appellant,

    -v.-                                          16-839

MERCY MEDICAL CENTER, ROCKVILLE CENTRE
DIVISION, CATHOLIC HEALTH SERVICES OF
LONG ISLAND, DR. SWARNA DEVARAJAN, DR.
JOHN REILLY,
    Defendants-Appellees.

- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:       IKE AGWUEGBO, New York, New York.

**FOR APPELLEES:** CHRISTOPHER G. GEGWICH, Nixon Peabody LLP, Jericho, New York.

Appeal from judgment of the United States District Court for the Eastern District of New York (Spatt, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED** in part, **VACATED** in part, and **REMANDED** in part.

Dr. Chinwe Offor appeals from the judgment of the United States District Court for the Eastern District of New York (Spatt, J.)[1] which: 1) dismisses her claim of race and national origin discrimination, her retaliation claim, and claims alleging violation of the Family Medical Leave Act and state law; 2) denies her motion to amend the complaint to plead hostile work environment and violation of the Health Care Quality Improvement Act; 3) grants defendants' motion to seal; and 4) sua sponte strikes portions of her complaint. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review. For the reasons set out below, we affirm the district court's judgment on all counts except for the dismissal of the FMLA retaliation and state law claims, which we vacate.

---

[1] Contrary to Offor's assertions, United States District Judge Arthur D. Spatt is indeed the author of the decision from which she appeals.

 1    Offor is an African-American of Nigerian descent who
 2    worked as a neonatologist at Mercy Medical Center.
 3    According to the Second Amended Complaint, she suffered a
 4    series of negative actions--foremost among them denial of
 5    vacation and of "moonlighting" hours--which led her to hire
 6    an attorney in November 2012.  A month later, Mercy Medical
 7    put her on a type of probation called Focused Practitioner
 8    Performance Review ("FPPR").  She alleges that the negative
 9    actions continued, that she filed an EEOC complaint on
10    February 22, 2014, and that Mercy Medical terminated her on
11    August 21, 2014.
12    Offor filed a complaint against Mercy Medical, its
13    affiliates, and her supervisors after being terminated.  The
14    complaint alleged discrimination, retaliation, violation of
15    the FMLA, and various state law violations.  It also
16    included several pages of allegations about the quality of
17    care at Mercy Medical, and attached documents containing
18    information protected from disclosure by the Health
19    Insurance Portability and Accountability Act of 1996
20    ("HIPAA") and Federal Rule of Civil Procedure 5.2.  Offor
21    amended her complaint to add allegations, but no new claims
22    (creating the "First Amended Complaint").  Defendants moved
23    to dismiss all claims and to seal the First Amended
24    Complaint to protect information covered by HIPAA.  While

3

that motion was pending, Offor moved to amend her complaint a second time to add hostile work environment and Health Care Quality Improvement Act claims.

The district court dismissed all the federal claims in the First Amended Complaint and declined to exercise jurisdiction over the state law claims.  It denied the motion to amend as futile because it determined that the new claims could also be dismissed under Rule 12(b)(6).  It also granted the motion to seal, and sua sponte struck portions of the First Amended Complaint related to "quality of care issues" at Mercy Medical as irrelevant and prejudicial.

Offor attached hundreds of pages of documents to her various complaints.  Many of those pages contain information which should have been filed under seal pursuant to HIPAA and Federal Rule of Civil Procedure 5.2.  The district court ordered those documents sealed, and Offor does not appeal that decision.  We may consider documents attached to the complaint in deciding a motion to dismiss.  DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010).

**1.**  Offor's Title VII claim alleges discrimination based upon race (African-American) and national origin (Nigerian).  For the claim to survive a motion to dismiss, she must plausibly allege that her race or national origin "was a motivating factor in the employment decision."  Vega

4

v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 86 (2d Cir. 2015). As to most of the acts alleged in the complaint, Offor alleges no facts to show that they were driven by discriminatory animus. Her bare allegations that her mistreatment was due to race are not enough to survive dismissal. Albert v. Carovano, 851 F.2d 561, 572 (2d Cir. 1988). As to two of the alleged acts of discrimination-- denial of vacation time and of moonlighting hours--Offor claims that similarly situated employees who were not African-American or Nigerian were better treated. A plaintiff may create a plausible inference of discrimination through this kind of disparate treatment analysis so long as the employees she is comparing herself to are "similarly situated in all material respects." Graham v. Long Island R.R., 230 F.3d 34, 39 (2d Cir. 2000) (internal quotation marks omitted). The other employees Offor points to are not "similarly situated." The doctor who allegedly received better vacation treatment is Offor's own supervisor, and the doctors who received moonlighting hours were "external moonlighters," not full-time employees like Offor. Her claim was therefore properly dismissed.

**2.** Offor claims that Mercy Medical refused to grant her leave due under the Family Medical Leave Act. FMLA claims are generally subject to a two-year statute of

5

1  limitations, but that limitations period extends to three
2  years when the violation is "willful."  Porter v. N.Y. Univ.
3  Sch. of Law, 392 F.3d 530, 531 (2d Cir. 2004) (per curiam).
4  A violation is "willful" when the employer, "knew or showed
5  reckless disregard for the matter of whether its conduct was
6  prohibited."  Id. (internal quotation marks omitted).
7  　　　Offor brought her FMLA claim between two and three
8  years after the alleged violation, so timeliness depends on
9  whether she has plausibly alleged a "willful" violation.
10 She has not.  Her complaint concedes that she was eventually
11 allowed to take the vacation time she requested, and the
12 emails attached to her complaint contain reasonable
13 justifications for why Mercy Medical initially denied her
14 vacation time.  Neither the complaint nor her briefing
15 explain why any alleged violation of the FMLA would have
16 been "willful."  Offor's FMLA claim therefore does *not*
17 plausibly allege a willful violation, is subject to a two-
18 year statute of limitations, and was properly dismissed.
19 　　　**3.**　In the complaint, one of Offor's claims is called
20 "Title VII Retaliation," but she does not argue on appeal
21 (or allege in the complaint) that she was retaliated against
22 for filing an EEOC charge in 2014.
23 　　　Instead, she argues that Mercy Medical retaliated
24 against her for hiring an attorney and exercising her FMLA

6

rights in late 2012.  For an FMLA retaliation claim, Offor must establish that: "1) [s]he exercised rights protected under the FMLA; 2) [s]he was qualified for [her] position; 3) [s]he suffered an adverse employment action; and 4) the adverse employment action occurred under circumstances giving rise to an inference of retaliatory intent."  Potenza v. City of N.Y., 365 F.3d 165, 168 (2d Cir. 2004) (per curiam).  She has plausibly alleged that she attempted to exercise FMLA rights, that she was qualified for her position, and that she suffered an adverse employment action when she was put on FPPR probation.  Mercy Medical put her on the FPPR probation only one month after she retained an attorney, and that temporal proximity is enough at this stage to give rise to an inference of retaliatory intent.[2]  See Hicks v. Baines, 593 F.3d 159, 170 (2d Cir. 2010).  We therefore vacate the district court's dismissal of Offor's FMLA retaliation claim.

    **4.**  Offor claims a violation of the Health Care Quality Improvement Act ("HCQIA").  42 U.S.C. §§ 11101-11152.  The district court cited multiple decisions for the

---

[2] The district court held that the FMLA retaliation claim did not allege a "willful" violation and that the two-year statute of limitations applied.  However, retaliating against an employee for exercising FMLA rights is almost by definition a "willful" violation.

proposition that the HCQIA does not afford a private right of action, and Offor does not contest that proposition on appeal.  We therefore do not consider the question and affirm the district court's dismissal.

**5.**   Offor's hostile work environment claim was dismissed due to her failure to allege conduct which was sufficiently severe and pervasive.  Offor did not challenge that ruling in her opening brief and therefore waived any right to contest the issue.  See Lore v. City of Syracuse, 670 F.3d 127, 149 (2d Cir. 2012).

**6.**   Offor challenges the district court's decision to dismiss her claims with prejudice.  We review that decision for abuse of discretion.  Cruz v. FXDirectDealer, LLC, 720 F.3d 115, 125 (2d Cir. 2013).  Offor amended her original complaint once, and moved to amend the complaint again after defendants had filed a motion to dismiss.  The district court did not abuse its discretion in dismissing the complaint with prejudice and denying her a *fourth* attempt.

**7.**   Offor challenges the district court's decision to strike portions of her complaint.  We hold that the district court acted within its authority to do so under Federal Rule of Civil Procedure 12(f).

8

**8.** Having dismissed Offor's federal claims, the district court declined to exercise supplemental jurisdiction over her state law claims.  Our decision to revive the FMLA retaliation claim also reinstates jurisdiction over the previously dismissed state law claims. <u>Spinelli v. City of N.Y.</u>, 579 F.3d 160, 175 (2d Cir. 2009).

For the foregoing reasons, and finding no merit in the parties' other arguments, we hereby **AFFIRM** the judgment of the district court in part, **VACATE** it in part, and **REMAND** it for further proceedings.  The Second Amended Complaint, as struck and as sealed by the district court's opinion and as modified by this summary order, shall be the operative complaint in this case going forward.

```
                          FOR THE COURT:
                          CATHERINE O'HAGAN WOLFE, CLERK
```